IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA E. NEWSON,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 25-CV-7134 |
| SAMIHAH McNAIR MARQUISE MAYNOR,<br>    Defendant. | : <br> : <br> : | |

### MEMORANDUM

**PEREZ, J.**                                                                                  **DECEMBER 19, 2025**

Plaintiff Yolanda E. Newson brings this civil action against Samihah McNair Marquise Maynor and seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Newson leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

### I.    FACTUAL ALLEGATIONS[1]

The allegations in Newson's Complaint are sparse. She alleges she agreed to make a dress for Maynor for $195.00, in advance of a trip Maynor had scheduled for the middle of December 2025. (Compl. at 4.) Maynor paid $50.00 "as a down payment until the dress was finished." (*Id.*) Newson alleges that she completed the dress and gave Maynor "numerous chances and made phone calls," in an effort to collect the remaining balance, but that "[u]nder color of law" Maynor failed to pay her. (*Id.*) As a result, she has suffered "a mental injury by not being able to pay off the bills because of the lying and this issue is causing physical injury by

---

[1] Newson used the form civil rights complaint available to unrepresented litigants to file her Complaint ("Compl."). (ECF No. 2.) The factual allegations set forth in this Memorandum are taken from Complaint.

doing the work without getting paid." (*Id*. at 5.) Accordingly, Newson claims a violation of her due process rights and breach of contract. (*Id*. at 3.) She seeks $100,000 in damages. (*Id*. at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Newson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Newson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.  Federal Claims

Newson attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting due process claims under 42 U.S.C. § 1983. However, "wholly insubstantial" claims are

insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal of claims for lack of jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)). The factual scenario described in the Complaint as the basis for Newson's claims, *i.e.*, a private transaction with a private party who is not subject to liability under § 1983, does not raise a substantial federal question for jurisdictional purposes, *see*, *e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (*per curiam*) (affirming dismissal for lack of subject matter jursidction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute"); *see also Duffy v. George*, 669 F. App'x 73, 74 (3d Cir. 2016) (*per curiam*) ("Defendants are private actors, not state actors, who generally cannot be held liable under 42 U.S.C. § 1983."). Accordingly, the Court may not exercise jurisdiction under § 1331.

### B. State Claims

Newson also raises a breach of contract claim under Pennsylvania law, which is in any event a better construction of her Complaint. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d

3

244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A plaintiff's good faith allegations governs whether the amount in controversy is satisfied unless it is clear to a legal certainty that the plaintiff cannot recover the amount claimed. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (footnotes omitted)); *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint.").

     Newson provides Pennsylvania addresses for herself and Maynor, which suggests that they are both Pennsylvania citizens. (Compl. at 2.) Further, it is apparent from the face of the Complaint that the amount in controversy is not met here. The amount of money at issue is $145, *i.e.*, the amount Newson is still owed for her work on the dress. (*See id*. at 4.) That amount is far below the jurisdictional threshold even taking into account any interest and punitive damages if warranted. *Cf. Goldfarb v. Kalodimos*, 539 F. Supp. 3d 435, 450 (E.D. Pa.

2021) ("[T]he amount in controversy requirement is met when a punitive to compensatory damages ratio of at least 1-to-1 exceeds the $75,000 threshold." (citing *Minissale v. State Farm Fire & Cas. Co.*, 988 F.Supp.2d 472, 473-75, 477 (E.D. Pa. 2013))). Accordingly, it is clear to a legal certainty that the amount in controversy is not met here. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977, at *1 n.3 (3d Cir. Feb. 16, 2024) (*per curiam*) ("Gibson alleged that the value of her roughly decade-old vehicle was $100,000, and she demanded that the defendants pay her $10,000 per day for holding it. But the District Court "ha[d] no trouble finding that such monetary demands are not made in good faith."); *see also Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir. 2010) (*per curiam*) (affirming the district court's ruling that diversity jurisdiction was lacking because plaintiff's plausible damages were well below $75,000).

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))). The dismissal does not preclude Newson from filing a complaint in the proper state court so she may proceed on her claims in that venue, should she choose to do so.[2]

An appropriate Order follows.

**BY THE COURT:**

**MIA R. PEREZ, J.**

---

[2] The Court expresses no opinion at this time on the merits of Newson's state claims.